UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT TERIO,

                            Plaintiff,

- against -

GEORGE R. MICHAUD and STEPHEN
TRICINELLI, in their individual and official
capacities,

                            Defendants.

10 Civ. 4276 (CS) (PED)

**REPORT AND
RECOMMENDATION**

TO:    THE HONORABLE CATHY SEIBEL,
         UNITED STATES DISTRICT JUDGE

## I.    INTRODUCTION

Plaintiff Vincent Terio ("Plaintiff"), proceeding pro se, brings this action against Defendants George R. Michaud ("Michaud"), Director of Real Property Tax Service for the County of Putnam, and Stephen Tricinelli ("Tricinelli"), a criminal investigator for the Putnam County Sheriff's Department, in their individual and official capacities (collectively, "Defendants"), alleging claims under 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff specifically claims that Defendants are liable for false arrest, false imprisonment, and malicious prosecution. Plaintiff also asserts a claim for common law negligence.

As more fully detailed below, Plaintiff's claims arise out of his September 24, 2008 arrest for forgery in the second degree, his April 4, 2009 arrest for contempt of court, and his later conviction on lesser charges in connection with both arrests.

Presently before the Court is Defendants' motion to dismiss the Second Amended Complaint ("SAC"). (Docket # 15.)[1] Defendants argue: (1) that as a matter of law, Plaintiff's conviction to the lesser offenses of disorderly conduct and harassment in the second degree bars any civil claim for false arrest, false imprisonment, or malicious prosecution, (2) that Plaintiff's claims fail because Tricinelli had probable cause to arrest Plaintiff, (3) that Michaud cannot be liable for malicious prosecution because Plaintiff fails to allege that he initiated Plaintiff's prosecution, (4) that Plaintiff fails to state a claim for malicious prosecution because Plaintiff does not allege that "the underlying criminal prosecution terminated in plaintiff's favor," (5) that any other "claims" alluded to in the SAC must be dismissed because they are not plead with sufficient specificity; and (6) that Plaintiff's state law claims must be dismissed for failure to serve notice of claim upon Defendants pursuant to New York state law.

Plaintiff filed his opposition to the motion to dismiss on September 9, 2010, (Docket # 18), and Defendants filed a reply on October 4, 2010. (Docket # 19.) I heard oral argument on October 12, 2010.

For the reasons set forth below, I respectfully recommend that Defendants' motion to dismiss be GRANTED and that the SAC be DISMISSED WITHOUT PREJUDICE.

## II. FACTS

On the morning of September 17, 2008, Plaintiff visited Michaud at the Putnam County Real Property Tax Service Agency. SAC ¶ 10, Ex. A (Michaud Witness Statement). Plaintiff requested the meeting in order to discuss an application he had previously submitted for a property tax refund in connection with a parcel of land located in Putnam County. Id. Plaintiff

---

[1] This matter comes before the undersigned pursuant to an Order of Reference for All Purposes, dated June 8, 2010. (Docket # 5.)

attached to his application an Abstract of Title ostensibly reflecting his status as sole owner of the property in question. SAC, Ex. A. During the meeting, Michaud confronted Plaintiff with conflicting records indicating that Plaintiff was not the sole owner of the property in question, but that he was instead one of four owners of record. Id. Michaud accused Plaintiff of altering the Abstract of Title attached to his application by "whiting out" the names of his alleged co-owners. Id.

On the same date, Michaud and one of his co-workers, Lisa Johnson ("Johnson"), provided Tricinelli with verified witness statements regarding Plaintiff's alleged forgery. Memorandum of Law in Support of Motion to Dismiss ("MTD"), at 2; SAC, Ex. A (Michaud and Johnson Witness Statements). One week later, on September 24, 2008, Plaintiff appeared at the Putnam County Sheriff's Department for a meeting with Inspector General Patrick Perry. SAC ¶ 10.[2] Upon Plaintiff's arrival at the Sheriff's Department, and apparently relying upon the witness statements provided by Michaud and Johnson, Tricinelli arrested Plaintiff for his alleged forgery the previous week. SAC ¶ 10; MTD, at 2. Plaintiff was subsequently charged with forgery in the second degree (N.Y. Penal Law § 170.10) (the "Forgery Charge"). SAC, Ex. E (Forgery Certificate of Disposition).

At an arraignment hearing before the Carmel Justice Court on November 24, 2008, the court entered an order of protection on behalf of Michaud (the "Michaud Protection Order"). SAC ¶¶ 12-13, Ex. B (Order of Protection).

On April 4, 2009, Plaintiff was arrested a second time for violating the Michaud Protection Order, and was charged with criminal contempt in the second degree (N.Y. Penal Law

---

[2] Based upon the SAC and documents attached thereto, the purpose of the meeting between Plaintiff and Inspector General Perry is not clear.

3

§ 215.50) (the "Contempt Charge"). SAC ¶ 13; SAC, Ex. E (Contempt Certificate of Disposition).

On May 12, 2009, Plaintiff was convicted of lesser offenses than those pending against him.[3] Specifically, the Forgery Charge was disposed of by a conviction for disorderly conduct (N.Y. Penal Law § 240.20), and the Contempt Charge was disposed of by a conviction for harassment in the second degree (N.Y. Penal Law § 240.26). SAC, Ex. E (Forgery Certificate of Disposition, indicating charge under "PL 170.10" (forgery in the second degree) and disposal pursuant to "PL 240.20" (disorderly conduct); Ex. E (Contempt Certificate of Disposition, indicating charge under "PL 215.50" (criminal contempt in the second degree) and disposal pursuant to "PL 240.26" (harassment in the second degree)). Plaintiff, who had already served fifteen (15) days in jail in connection with the foregoing charges, was sentenced to time already served and released. Id.; SAC ¶ 13.

On May 27, 2010, Plaintiff initiated this case by filing the Complaint. (Docket # 1) Plaintiff filed an Amended Complaint on June 30, 2010 (Docket # 4), and the SAC on July 12, 2010. (Docket # 8.)

III. **DISCUSSION**

    A. Standard of Review

When reviewing a complaint upon a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all of the plaintiff's well-pleaded factual allegations and draw all inferences in favor of the plaintiff. Cleveland v. Caplow Enterprises,

---

[3] Although Defendants contend that Petitioner was convicted pursuant to a guilty plea, MTD, at 2, 4-5, Plaintiff denies that he entered such a plea. See, e.g., Affidavit in Opposition to MTD ("Opp'n Aff."), at ¶ 12(b). Plaintiff does not dispute having been charged with the offenses indicated in Exhibit E to the SAC (i.e., the Certificates of Disposition), nor does he dispute being convicted of the lesser offenses indicated therein. SAC ¶ 19.

4

448 F.3d 518, 521 (2d Cir. 2006). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint," however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009). Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Festa v. Local 3 Int'l Bhd. Of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). Thus, "[a] complaint may not be dismissed under Rule 12(b)(6) unless it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).

When deciding a motion to dismiss, the court may consider any written instrument attached to the complaint, along with statements or documents incorporated into the complaint by reference. See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

Although pleadings prepared by pro se plaintiffs are held to less stringent standards than those prepared by lawyers, Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997), pro se plaintiffs are not completely relieved of the pleading requirements set forth in the Federal Rules. In order to avoid dismissal, a pro se plaintiff must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000).

Because Plaintiff is proceeding pro se, this Court must give the SAC a liberal construction that sets forth the strongest claims it suggests. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999). Accordingly, the Court construes Plaintiff's false arrest/false imprisonment and malicious prosecution claims as asserting violations of both the Fourth and Fourteenth Amendments,[4] and his negligence claim as asserting a claim for common law negligence. As explained below, to the extent Plaintiff is attempting to assert other claims, the SAC is not sufficiently detailed for the Court to construe them as cognizable legal claims, nor are such other claims organized in a manner that would permit the Court to do so.

B.   Plaintiff's Alleged Guilty Plea

Defendants first argue that Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution, all brought pursuant to 42 U.S.C. § 1983, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because, according to Defendants, Plaintiff entered a guilty plea to lesser charges in connection with the arrests at issue. MTD, at 4-5; Reply Brief ("Reply"), at 1. Defendants point out that in the Second Circuit, "a plaintiff cannot establish a claim of false arrest, false imprisonment or malicious prosecution if he pleads guilty to a lesser offense pursuant to a plea agreement." MTD, at 4 (citing Marieta v. Artuz, 84 F.3d 100, 102 n1 (2d Cir. 1996); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986); and Timmins v. Toto, 91 Fed. Appx. 165, 166 (2d Cir. 2004)).

---

[4] "[F]alse arrest is considered a kind of false imprisonment, and the claims are analyzed in identical fashion." Mitchell v. Victoria Home, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005). "A § 1983 claim for false arrest implicates both [the Fourth and Fourteenth] Amendments because the Fourth Amendment applies to the States pursuant to the Fourteenth Amendment." Micalizzi v. Ciamarra, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002). The same is true with respect to claims for malicious prosecution. See, e.g., Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003).

6

Although Defendants accurately summarize the substantive law as it relates to this issue, Defendants' conclusory statement that Plaintiff entered a guilty plea is not conclusively established by anything contained in the SAC or the documents attached to it. Moreover, Plaintiff specifically denies having entered a guilty plea. Opp'n Aff., at ¶¶ 5(b)-(c), 12(b). During oral argument on the present motion, Plaintiff again denied having entered a guilty plea. The Court is not convinced that the Certificates of Disposition attached to the SAC, standing alone or together with allegations in the SAC, demonstrate that Petitioner entered a guilty plea. SAC, Ex. E (Certificates of Disposition). While the Certificates of Disposition indicate that Plaintiff was charged with forgery in the second degree and criminal contempt in the second degree, and subsequently convicted of lesser charges, it does not necessarily follow that the state court entered those convictions pursuant to a guilty plea.

At this early stage of the proceedings, this Court is required to accept as true all of Plaintiff's well-pleaded factual allegations and draw all inferences in favor of Plaintiff. Cleveland, 448 F.3d at 521. Because Plaintiff does not allege that he entered a guilty plea, but on the contrary specifically denies having done so, and because none of the documents attached to the SAC clearly demonstrate that Plaintiff entered a guilty plea, the Court is required, for purposes of this motion, to accept Plaintiff's assertion that he did not enter such a plea. Id. As a result, the SAC cannot be dismissed at this juncture on the basis of Plaintiff's alleged guilty plea.

C.  Probable Cause

Defendants next argue that Plaintiff's § 1983 claims must be dismissed because Tricinelli had probable cause to arrest Plaintiff. MTD, at 5. Defendants specifically argue that Tricinelli arrested Plaintiff based upon the sworn statements of Michaud and Johnson, which, according to

7

Defendants, "provided the requisite probable cause for plaintiff's arrest, thus negating any Fourth Amendment violations." Id.

"As with a false arrest claim, the presence of probable cause is a complete defense to an action for malicious prosecution under § 1983 or state law." Drummond v. Castro, 522 F. Supp. 2d 667, 677 (S.D.N.Y. 2007). "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id. "When information [regarding an alleged crime] is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001). Moreover, "[i]f policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be held liable . . . merely because it later turns out that the complaint was unfounded." Lee v. Sandberg, 136 F.3d 94, 103 (2d Cir. 1997) (quoting McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984)); see also Drummond v. Castro, 522 F. Supp. 2d 667, 673 (S.D.N.Y. 2007) ("Probable cause may exist where an officer has mistaken information, so long as it was reasonable for him to rely on the information.").

If the determination of whether an arresting officer had probable cause requires the resolution of disputed facts, the existence of probable cause is to be decided by a jury. Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997), cert. denied, 140 L. Ed. 2d 114 (1998). If, however, there is no dispute as to the pertinent events and the knowledge of the arresting officer, probable cause may be determined as a matter of law. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); see also Singer v. Fulton County Sherrif, 63 F.3d 110, 118-19 (2d Cir. 1995), cert. denied, 517

U.S. 1189 (1996). Even where factual disputes exist, a claim under § 1983 may fail if the plaintiff's version of events establishes probable cause to arrest. Tierney v. Davidson, 133 F.3d 189, 194 (2d Cir. 1998).

Here, Plaintiff attaches as exhibits to the SAC the witness statements of Michaud and Johnson, which state (1) that Plaintiff arrived at the offices of Putnam County's Real Property Tax Service on the morning of September 17, 2008; (2) that Plaintiff claimed entitlement to a $26,346.00 property tax refund based upon his representation that he was the sole owner of the property in question; (3) that Plaintiff was not, in fact, the sole owner of the property in question; and (4) that Plaintiff presented Michaud with an altered abstract of title falsely showing Plaintiff as the sole owner of the property in question. SAC, Ex. A (Michaud and Johnson Witness Statements). Apparently referring to these witness statements, Plaintiff alleges that Michaud "filed the felony complaint" against Plaintiff. SAC ¶ 17.[5] Following the creation of these witness statements, Tricinelli arrested Plaintiff and executed a felony complaint that tracks, in pertinent part, the allegations set forth in Michaud's and Johnson's witness statements. SAC, Ex. A (Felony Complaint and Michaud and Johnson Witness Statements).

Based upon these facts, and interpreting them in the light most favorable to Plaintiff, the Court must conclude that the Michaud and Johnson witness statements provided Tricinelli with probable cause to arrest the Plaintiff. Indeed, Plaintiff does not appear to dispute that Michaud

---

[5] Documents attached to the SAC indicate that Tricinelli, not Michaud, executed and filed the felony complaint. SAC, Ex A (Felony Complaint). Therefore, the Court construes Plaintiff's statement that Michaud "filed the felony complaint" to mean that Michaud provided Tricinelli with a copy of Michaud's witness statement, which Tricinelli then used (together with Johnson's witness statement) in creating and subsequently filing the felony complaint. SAC, Ex. A (Michaud Witness Statement). The Michaud and Johnson witness statements are attached as exhibits to the felony complaint. Id.

9

or Johnson submitted the witness statements to Tricinelli prior to Plaintiff's arrest, or that Tricinelli relied upon those statements in arresting Plaintiff and creating the felony complaint. In fact, Plaintiff attaches a copy of the felony complaint to the SAC, which affirmatively demonstrates these points. SAC, Ex. A. Because Plaintiff does not appear to attack the veracity of the Michaud or Johnson statements, and because he does not appear to allege that Tricinelli was unreasonable in relying upon them, the Court must conclude, at this juncture, that probable cause existed. Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001).

The Court acknowledges, however, that Plaintiff has characterized Michaud's witness statement as "frivolous" on account of Plaintiff's claim that he was, in fact, "entitled to a tax refund." Opp'n Aff. ¶ 6.[6] Although Plaintiff does not expressly allege that there was something false or misleading about Michaud's witness statement, or that Tricinelli knew or should have known that Michaud's witness statement was unreliable in some respect, the Court is not able to determine whether Plaintiff intends to make such an allegation part of his complaint. Under Federal Rule of Civil Procedure 15, Plaintiff should be afforded an opportunity to clarify his intentions in this respect. Fed. R. Civ. P. 15(a)(2); Thompson v. Carter, 284 F.3d 441, 419 (2d Cir. 2002) (pro se plaintiffs should be granted leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated").

---

[6] The Court notes that Michaud's witness statement did not address Plaintiff's legal entitlement to a tax refund, but instead concerned Plaintiff's alleged act of forgery in connection with Plaintiff's application for such a refund. SAC, Ex. A (Michaud Witness Statement). Such conduct would be criminal under New York law *regardless* of whether Plaintiff was, as he claims, entitled to a tax refund. N.Y. Penal Law § 170.10.

Accordingly, I recommend that Plaintiff's claims for false arrest, false imprisonment and malicious prosecution be dismissed without prejudice pursuant to Rule 12(b)(6), with leave to amend those claims in the manner set forth in Section III.E below.

D.  Malicious Prosecution

Although I recommend that all of Plaintiff's § 1983 claims be dismissed for the reasons set forth in the foregoing section, Plaintiff's malicious prosecution claim against Michaud should be dismissed for an independently sufficient reason: Plaintiff has not alleged that Michaud "initiated" the criminal proceeding that resulted in Plaintiff's arrest.

"A cause of action for malicious prosecution in New York has four elements: (1) the initiation of an action by the defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff." O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996). Merely "reporting a crime to law enforcement and giving testimony does not constitute the 'initiation' of a criminal prosecution" for purposes of malicious prosecution liability. Rothstein v. Carriere, 373 F.3d 275, 293 (2d Cir. 2004). "More is required. Specifically, the complainant must have played an 'active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000).

Here, Plaintiff does not allege that Michaud "initiated" the prosecution within the meaning of the relevant case law. See Rothstein, 373 F.3d at 293; Rohman, 215 F.3d at 217. Instead, Plaintiff merely alleges that Michaud reported a crime to police. SAC ¶ 17, Ex. A (Michaud Witness Statement). As indicated above, such conduct cannot, by itself, form the basis for malicious prosecution liability. Rothstein, 373 F.3d at 293. While it is true that civilian

11

witnesses may be liable for malicious prosecution "'if the information they falsely gave the prosecutor induced the prosecutor to act' or if they 'conspire[d] with a complaining witness to manufacture evidence that is likely to influence the prosecutor's decision to commence proceedings,'" Watson v. Grady, No. 09-CV-3055 (KMK), U.S. Dist. LEXIS 103473, *17-18 (S.D.N.Y. Sept. 30, 2010),[7] it is not clear, based upon the allegations of the SAC, whether Plaintiff intends to makes such a claim here.  If Plaintiff alleges that the Michaud witness statement was false or misleading in some respect (and not merely "frivolous"), then he will have satisfied his burden of showing that Michaud "initiated" Plaintiff's prosecution.  Id.  By contrast, if Plaintiff does not allege that the Michaud witness statement was false or misleading in some way, then he will not have satisfied this burden.  Because Plaintiff's intentions are unclear as to this issue, and because Plaintiff is proceeding pro se, he should be given leave to amend the SAC so as to clarify his claims.  Fed. R. Civ. P. 15(a)(2); Thompson, 284 F.3d at 419.

    E.    Plaintiff's Remaining Claims

Federal Rule of Civil Procedure 8 provides, in pertinent part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8. Rule 8 is designed to ensure that a complaint provides a defendant with sufficient notice of the claims against him.  See id.; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  The Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal.  See, e.g., Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887

---

[7] Copies of unreported cases cited herein are being mailed to Plaintiff.  See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

(2d Cir. 1987). Notwithstanding the liberal pleading standards afforded pro se litigants, all complaints must contain at least "some minimum level of factual support for their claims." Alfaro Motors, Inc., 814 F.2d at 887.

Plaintiff's fifth cause of action, a claim for negligence, does nothing more than recite some of the legal elements of a cause of action for negligence, and does not set forth any facts in support of that claim. SAC ¶¶ 32-34. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in overcoming a motion to dismiss pursuant to Rule 12(b)(6). See Iqbal, 129 S. Ct. at 1949. Indeed, it is now well-settled that in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1940. Plaintiff's negligence claim fails to meet this threshold pleading requirement, and should therefore be dismissed pursuant to Rule 12(b)(6).

Although the SAC contains other conclusory allusions to what could be considered additional "claims," Plaintiff again makes no attempt to set forth any factual support for those claims.[8] These "claims" include: allegations of excessive force, deliberate indifference to medical needs, conspiracy, and false advertisement. These ostensible claims fall well short of the mark set by Rule 8. For example, to the extent Plaintiff seeks to assert a claim for "false advertisement," he makes no allegation that either of the named defendants had anything to do

---

[8] Plaintiff is also not clear as to which parties he intends to sue. While the caption of the SAC indicates that Michaud and Tricinelli are the sole defendants, "in their individual and official capacities," it is unclear whether Plaintiff also intends to name other defendants. See, e.g., SAC ¶¶ 8, 24 (referring to "Defendant THE PUTNAM COUNTY SHERIFF'S DEPARTMENT"). Moreover, there is nothing in the record to indicate that Plaintiff has effected service of process upon any parties other than Michaud and Tricinelli. Should Plaintiff elect to amend the SAC, I recommend that he be directed to clarify which parties he is suing, and to effect proper service of process upon any new parties he might seek to add.

13

with the newspaper article at issue. SAC, Ex. C (Putnam County New and Recorder Article of December 3, 2008). By way of further example, to the extent Plaintiff complains about deliberate indifference to his medical needs during his incarceration, he again makes no allegation that either of the named defendants played any role in the inadequate medical treatment he allegedly received while in jail. Thus, to the extent these ostensible "claims" can be construed as causes of action, they fail for the same reasons set forth above with respect to Plaintiff's negligence claim. Iqbal, 129 S. Ct. at 1949.

  F. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party shall be given leave to amend "when justice so requires." When addressing a pro se complaint, such as the one at issue here, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson, 284 F.3d at 419 (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Here, a liberal reading of the SAC suggests that Plaintiff could theoretically state a claim for relief under § 1983. Moreover, the Court cannot conclude at present that Plaintiff is unable to state a claim on other grounds. Therefore, although I recommend that the SAC be dismissed without prejudice, I also recommend that Plaintiff be granted leave to amend the SAC with respect to all claims set forth therein. Of course, any amended pleadings filed by Plaintiff, as with all pleadings filed in the federal courts, would need to strictly comply with Federal Rule of Civil Procedure 11.

## IV.   CONCLUSION

For the foregoing reasons, I conclude – and respectfully recommend that Your Honor should conclude – that Defendants' motions to dismiss should be GRANTED and that the SAC be DISMISSED WITHOUT PREJUDICE with leave to amend.

## V.   NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated:  December 3, 2010
        White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

15

A copy of the foregoing Report and Recommendation has been sent to the following:

>The Honorable Cathy Seibel
>United States Courthouse
>300 Quarropas Street
>White Plains, New York 10601
>
>Vincent Terio, *pro se*
>Post Office Box 131
>Fishkill, NY 12582
>
>James A. Randazzo, Esq.
>Gelardi & Randazzo, LLP
>800 Westchester Ave.
>SUITE S-608
>Rye Brook, NY 10573