UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VINCENT TERIO,

                                Plaintiff,

        – against –

GEORGE R. MICHAUD and STEPHEN
TRICINELLI, in their individual and official
capacities,

                                Defendants.
-----------------------------------------------------------------x

**ORDER**
**ADOPTING REPORT AND**
**RECOMMENDATION**

No. 10-CV-4276 (CS)



Appearances:

Vincent Terio
Cold Spring, New York
*Pro Se Plaintiff*

James A. Randazzo, Esq.
Gelardi & Randazzo LLP
Rye Brook, New York
*Counsel for Defendants*

Seibel, J.

    Before the Court is the December 3, 2010 Report and Recommendation of Magistrate Judge Paul Davison (the "R&R"), (Doc. 21), recommending that *pro se* Plaintiff Vincent Terio's Second Amended Complaint, (Doc. 8), be dismissed, with leave to amend. Plaintiff submitted objections to the R&R (the "Objections"). (Doc. 22.) Defendants have not objected to the R&R. Familiarity with the procedural and factual background of the case is presumed.

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28

U.S.C. § 636(b)(1). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[1] *accord Evans v. Ericole*, No. 06-3684, 2008 WL 4861783, at *1-2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). The Court will also review for clear error those portions of the report and recommendation to which no objections have been made. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this Order. *See Lebron v. Sanders* 557 F.3d 76, 79 (2d Cir. 2009).

specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Plaintiff's Objections do not address any particular findings in the R&R; indeed, the R&R is not even mentioned, except in the caption and the "wherefore" clause. Accordingly, I may review for clear error. I find none.[2]

The R&R is adopted as the decision of the Court, and Defendants' Motion to Dismiss is GRANTED. Plaintiff shall be permitted to file, if he can do so in compliance with Fed. R. Civ. P. 11, a Third Amended Complaint, as described in the R&R. Any Third Amended Complaint must be served and filed within 21 days of the date of this Order.

The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 15).
SO ORDERED.

Dated: March 10, 2011
       White Plains, New York

*/s/ Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

---

[2] I note that Judge Davison applied a more plaintiff-friendly standard than that to which Plaintiff was entitled. He noted that a complaint may not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (R&R at 5 (internal quotation marks omitted). That formulation, derived from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), "has earned its retirement," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007), and has been replaced with the flexible plausibility standard of *Twombly* and *Iqbal v. Ashcroft*, 129 S. Ct. 1937 (2009).

3