UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT TERIO,

                    Plaintiff,

- *against* -

GEORGE R. MICHAUD and STEPHEN TRICINELLI, in their individual and official capacities,

                    Defendants.

10 Civ. 4276 (CS) (PED)

**REPORT AND RECOMMENDATION**

TO:    THE HONORABLE CATHY SEIBEL
        UNITED STATES DISTRICT JUDGE

Plaintiff Vincent Terio ("Plaintiff"), proceeding pro se, has filed a document which he has styled his third amended complaint ("TAC") following the dismissal, with leave to amend, of his second amended complaint ("SAC") upon Defendant's motion to dismiss. Defendants, in turn, have requested leave to file another motion to dismiss. Upon review of the TAC, it is apparent to the undersigned that additional briefing or motion practice is neither necessary nor likely to be helpful, and that dismissal of the TAC is appropriate on the Court's own motion. Accordingly, for the reasons set forth below, and principally because the TAC fails to cure or even meaningfully address the defects which required dismissal of the SAC, I respectfully recommend that the TAC be dismissed with prejudice by the Court acting sua sponte.

**I.   BACKGROUND**

Plaintiff brought this action against Defendants George R. Michaud, Director of Real Property Tax Service for the County of Putnam ("Michaud"), and Stephen Tricinelli, a criminal investigator for the Putnam County Sheriff's Department ("Tricinelli"), in their individual and

official capacities (collectively, "Defendants"). Plaintiff asserted claims for false arrest, false imprisonment and malicious prosecution pursuant to 42 U.S.C. § 1983, as well as a state law negligence claim. All of Plaintiff's claims arise out of his September 24, 2008 arrest for forgery in the second degree, and his subsequent arrest on April 4, 2009 for contempt of court.

Plaintiff filed the complaint on May 27, 2010, Docket # 1, an amended complaint on June 3, 2010, Docket # 4, and a second amended complaint on July 12, 2010. Docket # 8. On August 26, 2010, Defendants moved to dismiss the SAC in its entirety, Docket ## 15-16, and on December 3, 2010 I issued a report recommending dismissal of the SAC without prejudice. Docket # 21 ("R&R"). In the R&R, I concluded that two exhibits attached to the SAC – namely, witness statements provided by Michaud and another party to Tricinelli prior to Plaintiff's arrest – demonstrate that Tricinelli had probable cause to arrest Plaintiff, thereby warranting dismissal of his § 1983 claims. R&R at 9-10. I recommended that Plaintiff be granted leave to amend his § 1983 claims, however, to the extent he could allege that "there was something false or misleading about Michaud's witness statement, or that Tricinelli knew or should have known that Michaud's witness statement was unreliable in some respect." Id. at 10, 12.

I also recommended dismissal of Plaintiff's negligence claim on the basis that the SAC failed to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8. R&R at 12-14. To the extent that the SAC could be read as attempting to assert other causes of action, I recommended that those claims also be dismissed for failure to comply with Rule 8. Id. at 13-14. As with Plaintiff's § 1983 claims, I recommended that Plaintiff be given leave to amend his negligence claim, along with any other claims he was attempting to raise, in conformity with Rule 8. On March 10, 2011, the Court entered an order adopting the R&R in its entirety. Docket

# 24. As recommended in the R&R, Plaintiff was granted leave to file a third amended complaint.

On May 24, 2011, Plaintiff timely filed the TAC. Docket # 31.

## II. ANALYSIS

The TAC fails to cure the defects identified in the R&R. Specifically, Plaintiff does not allege that "there was something false or misleading about Michaud's witness statement, or that Tricinelli knew or should have known that Michaud's witness statement was unreliable in some respect," R&R p. 10, nor does he provide a "short and plain statement . . . showing that [he] is entitled to relief." Rule 8, Fed. R. Civ. P.; R&R, p.12-15. In fact, the TAC hardly resembles an amended pleading at all. To the extent it is intelligible, the TAC does not modify the SAC with additional allegations of fact, but instead appears to set forth a legal argument – complete with citations to legal authorities and to Wikipedia – in defense of the SAC, and contains only scant allegations of fact. Notwithstanding these deficiencies, the TAC is the operative pleading in this case.[1]

This Court may dismiss an action with prejudice under Rule 8 where, as here, Plaintiff has previously demonstrated his inability to amend the complaint in a manner suggesting that he is attempting to satisfy Rule 8, Plaintiff has not requested a further opportunity to amend, and Plaintiff received notice that failure to file a sufficient amended pleading would result in dismissal of his claims. See, e.g., Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1978) (finding dismissal with prejudice appropriate where the plaintiff received notice of deficiencies in complaint at time of first amendment, and, therefore, was not entitled to a "third go-around");

---

[1] "It is well-established that 'an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" Ping Tou Bian v. Taylor, 23 Fed. Appx. 75, 77 (2d Cir. 2001) (citation omitted).

Treppel v. Biovail Corp., No. 03 Civ. 3002 (PKL), 2005 U.S. Dist. LEXIS 18511, *12 (S.D.N.Y. Aug. 30, 2005) (dismissing action without leave to replead where "plaintiff has already had two bites at the apple and they have proven fruitless");[2] Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (noting that a court may dismiss an action with prejudice where "leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"); Barsella v. United States, 135 F.R.D. 64, 66-67 (S.D.N.Y. 1991) (dismissing complaint with prejudice where plaintiff failed to file an amended complaint that satisfied Rule 8, and where the court had no "basis to believe, given the history of this litigant and the manner in which she has proceeded thus far, that any further amended pleadings will cure these deficiencies in this case").

Because the TAC does not cure the deficiencies identified in the R&R, and because the TAC does not, in any event, state a claim for which relief may be granted, Fed. R. Civ. P. 12(b)(6), I respectfully recommend that it be dismissed with prejudice sua sponte. See, e.g., Denny, 576 F.2d at 471; see also Barrozo-Greig v. New York Soc'y for the Preservation of Cruelty to Children, 94 Civ. 6678 (KMW) (AJP), 1995 U.S. Dist. LEXIS 21836 (S.D.N.Y. Aug. 22, 1995), rpt. & rec. adopted in its entirety at, 94 Civ. 6678 (Docket # 36) (unpublished opinion) (dismissing pro se plaintiff's amended complaint sua sponte where plaintiff failed to cure deficiencies identified in R&R recommending dismissal of previous pleading).

Even in light of the "substantial leeway" afforded to pro se litigants, Gomes v. Avco Corp., 964 F.2d 1330, 1336 (2d Cir. 1992), dismissal with prejudice is appropriate in this action because the deficiencies in the TAC were called to Plaintiff's attention at the time the SAC was dismissed without prejudice, and Plaintiff has not made a colorable attempt to cure any of those

---

[2] Unreported cases are being sent to pro se petitioner. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

4

deficiencies. See, e.g., Clark v. County of Nassau, 06-CV-0841 (JFB)(ARL), 2007 U.S. Dist. LEXIS 48643 (E.D.N.Y. July 5, 2007).

## III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the TAC be dismissed with prejudice sua sponte.

## IV. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: June 15, 2011
       White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

>The Honorable Cathy Seibel
>United States Courthouse
>300 Quarropas Street
>White Plains, New York  10601
>
>Vincent Terio, *pro se*
>Common Ground
>P.O. Box 487
>Montrose, NY 10548
>
>James A. Randazzo, Esq.
>Gelardi & Randazzo, LLP
>800 Westchester Ave.
>SUITE S-608
>Rye Brook, NY 10573