UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VINCENT TERIO,

                          Plaintiff,

    – against –

GEORGE R. MICHAUD and STEPHEN
TRICINELLI, in their individual and official
capacities,

                         Defendants.
------------------------------------------------------------x

**ORDER
ADOPTING REPORT AND
RECOMMENDATION**

No. 10-CV-4276 (CS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/11

Appearances:

Vincent Terio
Cold Spring, New York
*Pro Se Plaintiff*

James A. Randazzo, Esq.
Gelardi & Randazzo LLP
Rye Brook, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is the June 15, 2011 Report and Recommendation of Magistrate Judge Paul Davison (the "R&R"), (Doc. 36), recommending *sua sponte* dismissal with prejudice of *pro se* Plaintiff Vincent Terio's Third Amended Complaint, (Doc. 31). Plaintiff submitted an Opposition to the R&R (the "Opposition"). (Doc. 37.) Familiarity with the procedural and factual background of the case is presumed.

      I reiterate the standards governing review of an R&R. These standards were set out in my previous Order, (Doc. 24), adopting Judge Davison's previous R&R, (Doc. 21), but Plaintiff apparently has failed to appreciate them. A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise

objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[1] *accord Evans v. Ericole*, No. 06-3684, 2008 WL 4861783, at *1-2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). The Court will also review for clear error those portions of the report and recommendation to which no objections have been made. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this Order. *See Lebron v. Sanders* 557 F.3d 76, 79 (2d Cir. 2009).

2

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Plaintiff's Objections do not address any particular findings in the R&R; indeed, the R&R is not even mentioned, except in the caption. Accordingly, I may review for clear error. I find none.

The R&R is adopted as the decision of the Court, and the Third Amended Complaint is dismissed with prejudice *sua sponte*.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 27, 2011
White Plains, New York

*[signature]*
CATHY SEIBEL, U.S.D.J.